UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: TONY RYE PEASE, SR.                                CASE NO. 09-16595-DWH

OPINION

On consideration before the court is an objection to the secured claim of One West Bank, ("One West"), filed by the Chapter 13 debtor, Tony Rye Pease, Sr., ("Debtor"); as well as, an objection to the confirmation of the debtor's Chapter 13 plan filed by One West; responses to both pleadings having been filed; and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of these contested proceedings pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. These are core proceedings as defined in 28 U.S.C. §157(b)(2)(A), (B), and (L).

II.

The debtor filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code on December 16, 2009. The primary issue in these proceedings is the determination of the amount of the pre-petition arrearage claim asserted by One West, which holds a claim secured by the debtor's principal place of residence. In its initial proof of claim, One West listed an arrearage in the sum of $20,869.56, and, in its amended proof of claim, listed an arrearage of $21,019.56. The debtor objected to these claims asserting that the arrearage amount was only $7,933.96. He proposed to pay this amount through his Chapter 13 plan which prompted One

West's objection to confirmation.

At the hearing on the objections, there were several exhibits introduced by the parties. The only witness who testified was the debtor. At the conclusion of the hearing, the court was left with the somewhat onerous task of deciphering what all of these exhibits and the debtor's testimony actually meant. Without the benefit of a representative testifying on behalf of One West or the testimony of an expert witness, the court has examined these documents, which includes the debtor's payment records, in an effort to determine a just result.

From the payment summaries submitted by One West and the debtor, Exhibit 5 and Exhibit 10 respectively, the parties apparently agree that the debtor was current in his payments prior to June, 2007. The debtor's primary complaint is that he did not receive appropriate credit for the payments that he made in calendar year 2009. To the contrary, the payment summaries reflect that the debtor did receive credit for the payments that he made, but that the payments were applied by One West to earlier missed installments. In addition, the debtor's summary does not take into account that there were mortgage payment changes implemented by One West, ostensibly in keeping with the adjustable rate provisions in the debtor's mortgage. The court, however, has seen no evidence to indicate that the debtor was properly notified of these payment changes. The debtor also contends that he received a mortgage modification agreement that significantly reduced his monthly payments, but there was no evidence presented to establish that this agreement actually exists.

### III.

The court compared the debtor's payment records, which includes his summary on Exhibit 10, as well as, his underlying bank statements, to the summary of payments submitted by

One West and ascertained the following:

1. In June, 2007, the debtor made a payment to One West in the sum of $1,684.63, while the records of One West reflect a credit of only $1,546.36. The court finds that the debtor should be given a credit of $138.27.

2. On July 10, 2008, the debtor made a payment to One West in the sum of $1,541.15, but received no credit. Consequently, the court finds that the debtor should be given a credit of $1,541.15.

3. On July 2, 2007, the debtor made a payment to One West in the sum of $1,668.64, but received no credit. Consequently, the court finds that the debtor should be given a credit of $1,668.64.

As a result of the foregoing, the court finds that the debtor should be given total credits by One West in the sum of $3,347.96.

IV.

In order to determine the total amount of payments that One West claimed were due from the debtor between June, 2007, and December, 2009, the court examined One West Exhibit 3, the amended proof of claim, and One West Exhibit 5, a payment summary prepared by the attorney representing One West. (Parenthetically, the court notes that these two exhibits are patently inconsistent. On Exhibit 5, during calendar year 2009, each monthly installment payment due from the debtor was reflected as $1,693.30. This exceeds the monthly payment amounts shown as due from the debtor during this same time period on Exhibit A, which is attached to Exhibit 3, the amended proof of claim.) Because the amounts were lower on the amended proof of claim for calendar year 2009, the court used those numbers in determining the

3

total amount that was expected from the debtor by One West. For the payments that were due prior to calendar year 2009, the court used the numbers that were set forth on Exhibit 5.

The court's calculation reflects the following:

| | |
|---|---|
| $ 53,184.25 | The total amount due from the debtor as set forth on One West's Exhibit 3 and Exhibit 5. |
| - 36,676.44 | The total amount paid by the debtor from June, 2007, through December, 2009, including the $3,347.96 paid by the debtor which was not credited by One West. |
| $16,507.81 | Total arrearage claim |

The only documents presented to the court that reveal that mortgage payment changes were being implemented were One West's Exhibit 3 and Exhibit 5. One West did submit into evidence Exhibit 4 which was a printout of the loan payment history, but, without the testimony of a One West representative to explain this printout, this document has little probative value.

Unless the debtor can produce evidence of a loan modification agreement, or can produce evidence that the mortgage payment changes, resulting from the adjustable rate mortgage, are not allowable, the court's calculation of the arrearage claim in the sum of $16,507.81 will be considered a final adjudication. The debtor will be given a period of 10 days from the date of the entry of this opinion and the related order, which will also be entered contemporaneously herewith, to advise the court if any additional evidence is available.

A separate order will be entered consistent with this opinion.

This the __18th__ day of June, 2010.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE